IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Charles E. Huff III; Deborah M. Huff, | ) | C/A No. 3:13-2608-MBS-PJG |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **ORDER AND** |
| | ) | **REPORT AND RECOMMENDATION** |
| Wells Fargo Bank, NA; James H. Skipper, | ) | |
| individually; Skipper Properties LLC, a South | ) | |
| Carolina domestic for profit corporation; E. | ) | |
| Randall Mosteller, individually, a/k/a Elbert A. | ) | |
| Mosteller, Randall E. Mosteller, Randy E. | ) | |
| Mosteller, and Randy Mostellar; Della | ) | |
| Mosteller, individually, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This action is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) DSC, and for initial screening of the Complaint by the court pursuant to 28 U.S.C. § 1915. Plaintiffs Charles E. Huff III and Deborah M. Huff (collectively, "Plaintiffs"), proceeding *pro se*, bring this action challenging the foreclosure of their home. (See ECF No. 1.) They seek to proceed *in forma pauperis* under 28 U.S.C. § 1915.

I.    **Procedural Background**

Plaintiffs filed an Application to Proceed without Prepaying Fees or Costs (Form AO-240), which is construed as a Motion for Leave to Proceed *in Forma Pauperis* ("the Motion"). (ECF No. 3.) In the Motion, Plaintiff Charles E. Huff III states that his take-home pay is $1,050 per week, or $4,550 per month; that he has regular monthly expenses amounting to $2,900; and that he contributes to the support of Plaintiff Deborah M. Huff only 65%, which implies that she also has

PJG

a means of support.  Plaintiff Deborah M. Huff did not submit a separate motion for leave to proceed *in forma pauperis*, nor does the instant Motion appear to include her financial information.

## II.    <u>Discussion</u>

Grants or denials of applications to proceed *in forma pauperis* are left to the discretion of federal district courts.  <u>See</u> <u>Dillard v. Liberty Loan Corp.</u>, 626 F.2d 363, 364 (4th Cir. 1980).  A litigant is not required to show that he or she is completely destitute in order to qualify as an indigent within the meaning of 28 U.S.C. § 1915(a).  <u>Adkins v. E.I. Du Pont de Nemours & Co.</u>, 335 U.S. 331, 337-44 & nn. 5-10 (1948).  One district court, however, has commented that it is sometimes difficult to decide § 1915 applications:  "[T]here are no 'magic formulas' for making the determination that the requisite *in forma pauperis* status is present, but instead, there is required a careful scrutiny and weighing of all the relevant facts and circumstances involved in each particular situation."  <u>Carter v. Telectron, Inc.</u>, 452 F. Supp. 939, 942 (S.D. Tex. 1976) (citation omitted).

In <u>Carter</u>, the district court, citing <u>Adkins v. Du Pont</u> and cases in the Third and Fifth Judicial Circuits, set forth a three-part list of discretionary factors to be evaluated under 28 U.S.C. § 1915(a):

(1) Is the litigant barred from the federal courts by the reason of his or her "impecunity"?

(2) Is his or her "access to the courts blocked by the imposition of an undue hardship"?

(3) Is the litigant forced to contribute his or her "last dollar," or render himself or herself "destitute" to prosecute his or her claim?

<u>Carter</u>, 452 F. Supp. at 943.  As has been noted many times, the "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants[,] who, within the District Court's sound discretion, would remain without [a] legal remedy if such privilege were not afforded to them."  <u>Brewster v. N. Am. Van Lines, Inc.</u>, 461 F.2d 649, 651 (7th Cir. 1972); <u>see</u>



also Failor v. Califano, 79 F.R.D. 12, 13 & n.1 (M.D. Pa. 1978); Thomas v. Califano, 79 F.R.D. 14, 14-15 & nn.1-2 (M.D. Pa. 1978).

Upon review of the information before the court, and mindful of the tests set forth in Carter, the court has concluded that Plaintiffs would not be rendered destitute by being required to pay the filing costs of $400 (which includes the $50 administrative fee), nor is there any indication that requiring payment of these costs would impose an undue hardship or effectively block Plaintiffs' access to the courts. Hence, Plaintiffs must "confront the initial dilemma which faces most other potential civil litigants: Is the merit of the claim worth the cost of pursuing it?" Carter, 452 F. Supp. at 944.

## III.    Order and Recommendation

Accordingly, it is hereby

**ORDERED** that Plaintiffs' application to proceed *in forma pauperis* is ***denied.*** It is further

**ORDERED** that Plaintiffs shall have fourteen days, calculated as described in the attached Notice, to pay the $350.00 filing fee in addition to an administrative fee of $50.00. If Plaintiffs fail to timely pay the filing costs of $400, it is

**RECOMMENDED** that the Complaint be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

November 18, 2013                           Paige J. Gossett
Columbia, South Carolina              UNITED STATES MAGISTRATE JUDGE

*The parties are directed to note the important information in the attached*
*"Notice of Right to File Objections to Report and Recommendation."*

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).