IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Charles E. Huff III; Deborah M. Huff, ) | |
| ) | C/A No. 3:13-2608-MBS |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| Wells Fargo Bank, NA; James H. Skipper, ) | |
| individually; Skipper Properties LLC, a ) | |
| South Carolina domestic for profit ) | |
| corporation; E. Randall Mosteller, ) | |
| individually, a/k/a Elbert A. Mosteller, ) | |
| Randall E. Mosteller, Randy E. Mosteller, ) | |
| and Randy Mostellar; Della Mosteller, ) | |
| individually, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiffs Charles E. Huff III and Deborah M. Huff, proceeding pro se, filed a complaint on September 24, 2013, alleging that Defendants conspired to deprive them of their property by manipulating the foreclosure process. Plaintiffs contend that title to the property should be quieted in the name of Plaintiffs (First Cause of Action); that Defendants violated the Truth in Lending Act (Second Cause of Action), the Real Estate Settlement Practices Act (Third Cause of Action), the Fair Debt Collection Practices Act (Fourth Cause of Action), the Racketeering Interstate Corrupt Organizations Act (Fifth Cause of Action); that they suffered damages from a wrongful foreclosure (Sixth Cause of Action); that the trustee's sale should be set aside (Seventh Cause of Action); that they were defrauded (Eighth Cause of Action); and that the court should impose a constructive trust (Ninth Cause of Action). Plaintiffs seek injunctive and equitable relief. Also on September 24, 2013, Plaintiffs moved for leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915. ECF

No. 3.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. On November 19, 2013, the Magistrate Judge reviewed the IFP motion and concluded that Plaintiffs would not be rendered destitute by being required to pay the filing costs of $400.00, nor would payment of these costs impose an undue hardship or effectively block Plaintiffs' access to the courts. See Carter v. Telectron, Inc., 452 F. Supp. 939, 942 (S.D. Tex. 1976) (setting forth three-part list of discretionary factors to be evaluated under § 1915(a)). Accordingly, the Magistrate Judge issued an Order and Report and Recommendation in which she denied Plaintiffs' IFP motion. The Magistrate Judge further ordered that Plaintiffs pay the $400.00 in filing costs within fourteen days. The Magistrate Judge recommended that, if Plaintiffs elected not to timely pay the filing costs of $400.00, the complaint be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). Plaintiffs filed no objections to the Report and Recommendation. Additionally, Plaintiffs failed to pay the $400.00 in filing costs required to prosecute this action.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310,

315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court adopts the Order and Report and Recommendation and incorporates it herein by reference. Plaintiff's complaint is dismissed without prejudice.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

December 19, 2013.

**NOTICE OF RIGHT TO APPEAL**

**Plaintiffs are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**